UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X

In re:                                                                    Case No.: 18-46721-nhl


Yan Kravchenko,                                                 Chapter 13


                               Debtor.
-----------------------------------------------------X

## <u>NOTICE OF MOTION</u>

PLEASE TAKE NOTICE that a motion has been made by Lester & Associates, P.C., counsel to the above-captioned debtor, the date, time and relief sought is set forth below.

RETURN DATE:                                    August 19, 2020
AND TIME:                                            11:30 AM

JUDGE:                                                   Hon. Nancy Hershey Lord

COURTROOM:                                       271-C Cadman Plaza East, Courtroom 3577
                                                              Brooklyn, NY 11201-1800

RELIEF SOUGHT:                                  Motion seeking to Expunge
                                                              Proof of Claim No. 10.

PLEASE TAKE FURTHER NOTICE that answering papers, if any, must be filed with the Clerk of the United States Bankruptcy Court and must be served upon Lester & Associates, P.C. as attorney for the debtor at least seven (7) days prior to the return date of this motion.

Dated: July 7, 2020
          Garden City, New York


                                                              LESTER & ASSOCIATES, P.C.



                                                              */s/ Seung Woo Lee*
                                                    By:  Seung Woo Lee, Esq.
                                                           600 Old Country Road, Suite 229
                                                           Garden City, New York 11530
                                                           (516) 357-9191
                                                           slee@rlesterlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

In re:                                                                    Case No.: 18-46721-nhl

Yan Kravchenko,                                                    Chapter 13

                                Debtor.
------------------------------------------------------X

### DEBTOR'S OBJECTION PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. §§ 3001 & 3007 TO CLAIM NO. 10 FILED BY U.S. DEPARTMENT OF EDUCATION

**TO:    THE HONORABLE NANCY HERSHEY LORD**
            **UNITED STATES BANKRUPTCY JUDGE**

The debtor, Yan Kravchenko (the "**Debtor**"), in the above-captioned bankruptcy case (the "**Bankruptcy Case**"), by and through his undersigned counsel, Lester & Associates, P.C., hereby submits this objection (the "**Objection**"), pursuant to 11 U.S.C. § 101, et seq. (the "**Code**") and 11 U.S.C. §502 and Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (the "**Rules**"), to Proof of Claim No. 10 ("**Claim No. 10**") filed by U.S. Department of Education ("**USDE**").  In support thereof, the Debtor respectfully represents as follows:

1.      The Debtor commenced the Bankruptcy Case by filing a voluntary petition (the "**Petition**") for protection under Chapter 13 of the Bankruptcy Code in the Eastern District of New York on November 21, 2018 (the  "**Petition Date**").

2.      Marianne DeRosa was the appointed Chapter 13 trustee (the "**Trustee**") in the Bankruptcy Case.

3.      On May 9, 2019, USDE filed Claim No. 10 in the total sum of $53,936.83 for debt arising from a "Student Loan Debt," which was docketed in the claims register for this Bankruptcy Case as Claim No. 10.  A copy of Claim No. 10 is attached hereto as Exhibit "A".

4.      On November 19, 2019, Debtor filed his second amended plan (the "**Plan**") proposing under Part 9 of the Plan that the Debtor would directly remit monthly payment in the

amount of $350.00 to USDE and that Claim No. 10 shall not receive distribution from the Trustee. A copy of the Plan is attached hereto as <u>Exhibit "B"</u>.

5.      However, the Trustee advised the Debtor's counsel that the Plan cannot be confirmed since the Plan does not provide for payment of the full amount of Claim No. 10 even though the Plan proposes that the Debtor would directly remit monthly payment in the amount of $350.00 to USDE[1].

6.      In order to resolve the above issue, Debtor's counsel contacted USDE and requested it to amend its claim including any pre-petition arrears and a correct amount of monthly payment so the Debtor can propose a feasible plan which also cures the pre-petition arrears owed to USDE.

7.      Educational Credit Management Corporation[2] ("**ECMC**") advised in a letter dated June 29, 2020 (the "**Letter**") that USDE is currently holding the Debtor's account in a suspended status, and (unless directed to do so by the bankruptcy plan), the Debtor is "not required to make payments on his federal student loan debt(s) until after the conclusion of the bankruptcy." A copy of the Letter is attached hereto as <u>Exhibit "C"</u>.

8.      According to the Letter, the Debtor is not required to make payment on Claim No. 10 and the Debtor intends to start remitting payments to USDE after the conclusion of his Bankruptcy Case.

9.      Therefore, based on the above, the Claim No. 10 should be expunged from the claims register in this Bankruptcy Case.

---

[1] This Court should note that USDE has not filed any objection to confirmation of the Plan.

[2] Upon information and belief, ECMC is a specialized guarantor that has been designated by USDE to provide services and oversight during active bankruptcies.

WHEREFORE, the Debtor respectfully requests that this Honorable Court enter an Order expunging Claim No. 10 in its entirety, and for any such other and further relief as this Honorable Court deems just and proper under the circumstances.

Dated: July 7, 2020
      Garden City, New York

                                      Lester & Associates, P.C.

                                        */s/ Seung Woo Lee*
                                        By:  Seung Woo Lee, Esq.
                                        *Counsel for the Debtor*
                                        600 Old Country Road, Suite 229
                                        Garden City, New York 11530
                                        (516) 357-9191

**EXHIBIT "A"**

**FILED**

**U.S. Bankruptcy Court**
**Eastern District of New York**

5/9/2019

**Robert A. Gavin, Clerk**

**Fill in this information to identify the case:**

Debtor 1    Yan Kravchenko

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court    **Eastern District of New York**

Case number:  **18−46721**

## Official Form 410
## Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---------|--------------------|

**1. Who is the current creditor?**

U.S. Department of Education

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

U.S. Department of Education

Name

PO Box 16448
St. Paul, MN 55116−0448

Contact phone _____8883634562_____

Contact email
_____EDbankruptcy@ecmc.org_____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
_____

**Where should payments to the creditor be sent? (if different)**

U.S. Department of Education

Name

National Payment Center
PO Box 790336

St. Louis, MO 63179−0336

Contact phone _____

Contact email _____

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____

MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  5598

**7. How much is the claim?**

$ 53936.83

**Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

Student Loan Debt

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.    If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ _____

**Amount of the claim that is secured:** $ _____

**Amount of the claim that is unsecured:** $ _____  (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ _____

**Annual Interest Rate** (when case was filed) _____ %

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

Official Form 410                     Proof of Claim                     page 2

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. *Check all that apply*: | | Amount entitled to priority |
|---|---|---|---|---|

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$ _____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$ _____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies

$ _____

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    5/9/2019

MM / DD / YYYY

/s/  Pa H Thao

Signature

Print the name of the person who is completing and signing this claim:

Name    Pa H Thao

First name    Middle name    Last name

Title    Operations Specialist

Company    ECMC

Identify the corporate servicer as the company if the authorized agent is a servicer

Address    PO Box 16448

Number   Street

St. Paul, MN 55116−0448

City   State   ZIP Code

Contact phone    8883634562    Email    EDbankruptcy@ecmc.org



## ITEMIZED STATEMENT OF ACCOUNT

**Yan Kravchenko**          **xxx-xx- 5598**          **18-46721**

The following is an itemized statement in support of the proof of claim amount filed on behalf of
Borrower Services-Collections of the U.S. Department of Education for the above-referenced debtor:

| Debt ID | Interest Rate | Principal | Interest | Admin Fees | TOTAL |
|---------|--------------|-----------|----------|------------|-------|
| 38262048 | 6.21% | $22,703.94 | $3,145.79 | $0.00 | $25,849.73 |
| 38262053 | 5.41% | $23,277.36 | $2,809.74 | $0.00 | $26,087.10 |

|  |  |  |  | **TOTAL** | **$51,936.83** |
|--|--|--|--|-----------|----------------|

Payments should be sent to the following address:

U.S. Department of Education
National Payment Center
PO Box 790336
St. Louis, MO 63179-0336

/s/ Pa H Thao          Operations Specialist          5/9/2019

Contact Phone: (888) 363-4562



Number: **1028561872**
Name: **KRAVCHENKO, YAN**
SSN: ███-5598

Overview | User Defined | Images (1)

**Work Action**

Work Queue: DfltWkgp - Default workgroup

⚜ Balance Calculation Tool

**Historical and Future Balance Calculation Tool**

Review the balance results.

Borrower Effective Balance: $61,243.91
Effective Date: 11/26/2018

Debt Balances | Financial Bucket Balances

| Debt Number | Debt Type | Debt Type Leg... | Placement Date | Financial Bucket | Balance | Daily Interest(e... |
|---|---|---|---|---|---|---|
| > 38262048 | DLO - Direct Lo... | | 10/11/2017 | | $30,482.00 | $3.86 |
| > 38262053 | DLO - Direct Lo... | | 10/11/2017 | | $30,761.91 | $3.45 |

**EXHIBIT "B"**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------X
IN RE:
**Yan Kravchenko**
          DEBTOR(S).
-------------------------------------------------X

CHAPTER 13
CASE NO.: **1-18-46721**

## CHAPTER 13 PLAN

☑      Check this box if this is an amended plan.  List below the sections of the plan which have been  changed:

    **Section 2.1 - Amended to correct debtor's plan payment based on filed claims**
    **Section 3.2 - Amended to correct the amount of 1st mortgage arrears based on filed claim**
    **Section 3.4 - Amended to remove language as to student loan**
    **Section 9.1 - Amended to include language as to student loan**

## PART 1: NOTICES

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstance or that it is permissible in your judicial district. Plans that do not comply with the local rules for the Eastern District of New York may not be confirmable. If you do not have an attorney, you may wish to consult one.

**To Creditors:**  Your rights may be affected by this plan.  Your claim may be reduced, modified, or eliminated.  You should read this plan carefully and discuss it with your attorney.  If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation; unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See  Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

**1.1:** The following matters may be of particular importance.  **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as** ***"Not Included"*** **or if both or neither boxes are checked, the provision will be ineffective if set out later in the plan.**

| | | | |
|---|---|---|---|
| a. | A limit on the amount of a secured claim, set out in Section 3.4, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
| b. | Avoidance of a judicial lien or nonpossessory, non-purchase-money security interest, set out in Section 3.6 | ☐ Included | ☑ Not Included |
| c. | Nonstandard provisions, set out in Part 9. | ☐ Included | ☑ Not Included |

**1.2:** The following matters are for informational purposes.

| | | | |
|---|---|---|---|
| a. | The debtor(s) is seeking to modify a mortgage secured by the debtor(s)'s principal residence, set out in Section 3.3 | ☐ Included | ☑ Not Included |
| b. | Unsecured Creditors, set out in Part 5, will receive 100% distribution of their timely filed claim | ☑ Included | ☐ Not Included |

## PART 2:  PLAN PAYMENTS AND LENGTH OF PLAN

**2.1:** The post-petition earnings of the debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall pay to the Trustee for a period of **60** months as follows:

$  **1,243.35**  per month commencing   **December 2018**  through and including   **October 2019**  for a period of   **11**  months.
$  **477.97**  per month commencing   **November 2019**  through and including   **November 2023**  for a period of   **49**  months.

**2.2:**      **Income tax refunds.**

If general unsecured creditors are paid less than 100%, in addition to the regular monthly payments, during the pendency of this case, the Debtor(s) will provide the Trustee with signed copies of filed federal and state tax returns for each year commencing with the tax year **2018** , no later than April 15th of the year following the tax period.

| Debtor | Yan Kravchenko | Case number | 1-18-46721 |
|---|---|---|---|

**2.3:    Additional payments.**

*Check one.*

☑    **None.** If "None" is checked, the rest of § 2.3 need not be completed or reproduced.

## PART 3:  TREATMENT OF SECURED CLAIMS

**3.1.:    Maintenance of payments (including the debtor(s)'s principal residence).**

Check one.

☐    **None.** If "None" is checked, the rest of § 3.1 need not be completed.

☑    Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules.  These payments will be disbursed directly by the debtor(s).

| Name of Creditor | Last 4 Digits of Account Number | Principal Residence (check box) | Description of Collateral | Current Installment Payment (Including escrow) |
|---|---|---|---|---|
| 2020 Ave V Apartment Corp | it3F | ☑ | 2020 Avenue V 3F, Brooklyn, NY 11229 Kings County Co-Op | $1,017.93 |
| Emigrant Mortgage Co. Inc | 7770 | ☑ | 9 Shares of Stock in 2020 Avenue V Apartment Corp. (Co-Op Building) 9 shares | $735.85 |

*Insert additional claims as needed.*

**3.2    Cure of default (including the debtor(s)'s principal residence).**

*Check one.*

☐    **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

☑    Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.  Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below.  In the absence of a contrary timely filed proof of claim, the amounts listed below are controlling.

| Name of Creditor | Last 4 Digits of Acct No. | Principal Residence (check box) | Description of Collateral | Amount Arrearage | Interest Rate |
|---|---|---|---|---|---|
| 2020 Ave V Apartment Corp | it3F | ☑ | 2020 Avenue V 3F, Brooklyn, NY 11229 Kings County Co-Op | $3,037.35 | 0.00% |

| Name of Creditor | Last 4 Digits of Acct No. | Principal Residence (check box) | Description of Collateral | Amount Arrearage | Interest Rate |
|---|---|---|---|---|---|
| Emigrant Mortgage Co. Inc | 7770 | ☑ | 9 Shares of Stock in 2020 Avenue V Apartment Corp. (Co-Op Building) 9 shares | $28,409.88 | 0.00% |

Insert additional claims as needed.

**3.3:    Modification of a mortgage secured by the debtor(s)'s principal residence.**

*Check one*

☑    **The debtor(s) is not seeking to modify a mortgage secured by the debtor's principal residence.**

☐    **The debtor(s) is seeking to modify a mortgage secured by the debtor(s)'s principal residence.**

*Complete paragraph below.*

☐    If applicable, the debtor(s) will be requesting loss mitigation pursuant to General Order #582.

Debtor   **Yan Kravchenko**        Case number   **1-18-46721**

The mortgage due to _____ (creditor name) on the property known as _____ under account number ending _____ (last four digits of account number) is in default. All arrears, including all past due payments, late charges, escrow deficiency, legal fees and other expenses due to the mortgagee totaling $_____, may be capitalized pursuant to a loan modification. The new principal balance, including capitalized arrears will be $_____, and will be paid at _____% interest amortized over _____ years with an estimated monthly payment of $_____ including interest and escrow of $_____. The estimated monthly payment shall be paid directly to the trustee while loss mitigation is pending and until such time as the debtor(s) has commenced payment under a trial loan modification. Contemporaneous with the commencement of a trial loan modification, the debtor(s) will amend the Chapter 13 Plan and Schedule J to reflect the terms of the trial agreement, including the direct payment to the secured creditor going forward by the debtor(s).

**3.4:**     **Request for valuation of security, payment of fully secured claims, and modification of under-secured claims.**
        *Check one.*

    ☑     **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.
            **The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

    ☐     The debtor(s) shall file a motion to determine the value of the secured claims listed below. Such claim shall be paid pursuant to order of the court upon determination of such motion.

| Name of Creditor | Last 4 Digits of Acct No. | Description of Collateral | Value of Collateral | Total Amount of Claim | Estimated Amount of Creditor's Secured Claim | Estimated Amount of Creditor's Unsecured Claim |
|---|---|---|---|---|---|---|
| | | | | | | |

Insert additional claims as needed.

    **3.5:**     **Secured claims on personal property excluded from 11 U.S.C. §506.**

      *Check one.*
      ☑     **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

    **3.6:**     **Lien avoidance.**

      *Check one.*
      ☑     **None.** If "None" is checked, the rest of § 3.6 need not be completed or reproduced.

    **3.7:**     **Surrender of collateral.**

      *Check one.*
      ☑     **None.** If "None" is checked, the rest of § 3.7 need not be completed or reproduced.

## PART 4: TREATMENT OF FEES AND PRIORITY CLAIMS

**4.1:**     **General.**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in §4.5, will be paid in full without post-petition interest.

**4.2:**     **Trustee's fees.**
Trustee's fees are governed by statute and may change during the course of the case.

**4.3:**     **Attorney's fees.**
The balance of the fees owed to the attorney for the debtor(s) is $**1500.00**.

**4.4**     **Priority claims other than attorney's fees and those treated in § 4.5.**

      *Check one.*
      ☐     **None.** If "None" is checked, the rest of § 4.4 need not be completed.
      ☑     The debtor(s) intend to pay the following priority claims through the plan:

| Name of Creditor | Estimated Claim Amount |
|---|---|
| **NYS Dept of Tax & Finance** | **$1,357.67** |

Debtor     **Yan Kravchenko**                              Case number     __1-18-46721__

**4.5 Domestic support obligations.**

*Check one.*

☑     **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

## PART 5: TREATMENT OF NONPRIORITY UNSECURED CLAIMS

Allowed nonpriority unsecured claims will be paid pro rata:

☐     Not less than the sum of **$____**
☑     Not less than  __100.00__ % of the total amount of these claims.
☐     From the funds remaining after disbursement have been made to all other creditors provided for in this plan.

If more than one option is checked, the option providing the largest payment will be effective.

## PART 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.1: The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

Check one.

☑     **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

## PART 7: VESTING OF PROPERTY OF THE ESTATE

Unless otherwise provided in the Order of Confirmation, property of the estate will vest in the debtor(s) upon completion of the plan.

## PART 8: POST-PETITION OBLIGATIONS

**8.1:**     Post-petition mortgage payments, vehicle payments, real estate taxes, and domestic support obligations are to be made directly by the debtor(s) unless otherwise provided for in the plan

**8.2:**     Throughout the term of this Plan, the debtor(s) will not incur post-petition debt over $2,500.00 without written consent of the Trustee or by order of the Court.

## PART 9: NONSTANDARD PLAN PROVISIONS

**9.1:**     Check "None" or list nonstandard plan provisions.

☐     **None.** If "None" is checked, the rest of Part 9.1 need not be completed.

Debtor will maintain the current contractual installment payments on the claim listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor.

Creditor: US Dept of Education (POC #10), Last 4 Digits of Acct # 5598, Student Loan, Monthly installment payment: $350.00 POC #10 shall not receive distribution from the Trustee.

## PART 10: CERTIFICATION AND SIGNATURE(S):

**10.1:**     I/we do hereby certify that this plan does not contain any nonstandard provisions other than those set out in the final paragraph.
X     **/s/ Yan Kravchenko**                                      X  _____
      **Yan Kravchenko**                                              Signature of Debtor 2
      Signature of Debtor 1

      Executed on   **November 19, 2019**                          Executed on  _____

Debtor    __Yan Kravchenko__                                    Case number    __1-18-46721__

X    __/s/ Roy J. Lester, Esq. RJL__
    __Roy J. Lester, Esq. RJL 9118__
    Signature of Attorney for Debtor(s)
    Dated:    __November 19 , 2019__

# EXHIBIT "C"



P.O. Box 64909, St. Paul, MN 55164-0909   P 651-221-0566   www.ecmc.org

June 29, 2020


Roy J Lester Attorney at Law
Attn: Krista
600 OLD COUNTRY RD RM 229
GARDEN CITY, NY 11530-2011

**RE:** KRAVCHENKO, YAN
**BORROWER NUMBER:** ████1872
**BANKRUPTCY CASE#:** 18-46721

Dear Krista:

The purpose of this letter is to introduce you to Educational Credit Management Corporation (ECMC) and to provide you with the information you requested concerning Yan Kravchenko's student loan account held by the U.S. Department of Education (ED). ECMC is a specialized guarantor that has been designated by ED to provide services and oversight during active bankruptcies. As a result, Yan Kravchenko may receive correspondence or communication directly from ECMC.

ED is currently holding Yan Kravchenko's account in a *suspended status*, and—unless directed to do so by the bankruptcy plan— Yan Kravchenko is not required to make payments on his federal student loan debt(s) until after the conclusion of the bankruptcy.

If you have further questions, you may contact our Bankruptcy department at **888-363-4562**.

Sincerely,

*Briana Moore*

Briana Moore
Bankruptcy Operations Specialist
Bankruptcy Department

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X

In re:                                                              Case No.: 18-46721-nhl

Yan Kravchenko,                                          Chapter 13

                                        Debtor.
-----------------------------------------------------X

**ORDER EXPUNGING PROOF OF CLAIM NO. 10  FILED BY U.S. DEPARTMENT OF EDUCATION**

A Motion having been made by the Debtor, Yan Kravchenko, by his attorneys, Lester & Associates, P.C., seeking to disallow proof of claim No. 10 in the amount of $53,936.83 filed by U.S. Department of Education.

**NOW**, upon review of the motion papers, no opposition being filed, a hearing having been held August 19, 2020, at which Lester and Associates, P.C. appeared for the Debtor and no one having appeared in opposition, and upon a finding that just cause exists to disallow the above proofs of claim, it is

**ORDERED**, that proof of claim No. 10 in the amount of $53,936.83 filed by U.S. Department of Education is hereby expunged from the claims register in its entirety, WITH PREJUDICE.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In Re:

Yan Kravchenko,

                        Debtor.
------------------------------------------------------------X

Case No. 18-46721-nhl

Chapter 13

## <u>CERTIFICATE OF SERVICE</u>

        I, Seung Woo Lee, an attorney duly admitted to practice law in the State of New York certify under the penalty of perjury that:

        That on the 7th day of July, 2020, I served a copy of **NOTICE OF MOTION TO DISALLOW AND EXPUNGE PROOF OF CLAIM NO. 10 AND APPLICATION WITH PROPOSED ORDER** by depositing a true copy thereof in an official depository of the United States Postal Service contained in a securely closed post-paid envelope directed to the following person by First Class Mail at the address designated below which is the last known address of the addressee and enclosed in an envelope containing name and return address of the party effecting service to:

        *See attached service list*

                                      */s/ Seung Woo Lee_____*
                                      Seung Woo Lee, Esq.

## Service List

U.S. Department of Education
PO Box 16448
St. Paul, MN 55116−0448

Educational Credit Management Corporation
PO Box 64909
St. Paul, MN 55164-0909

Marianne DeRosa, Trustee
100 Jericho Quadrangle
Suite 127
Jericho, NY 11753

Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

AMERICAN EXPRESS
C/O Zwicker & Associates, P.C.
P.O Box 9043
Andover, MA 01810-1041

STAGG, TERENZI, CONFUSIONE & WABNIK, LLP
Attn: Cara M. Goldstein, Esq.
401 Franklin Avenue – Suite 300
Garden City, New York 11530